Harry W. Bell, Appellant *v.* Board of Pensions and Retirement of the City of Philadelphia, Appellee.

Argued March 5, 1981, before President Judge Crumlish and Judges Blatt and Craig, sitting as a panel of three.

*Herbert Braker,* for appellant.

*Richard S. Kohn,* Assistant City Solicitor, with him *Judith N. Dean,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, August 20, 1981:

Harry W. Bell (Claimant), a police officer in the City of Philadelphia for over twenty years, suffered permanent and partially disabling injuries in the performance of his duty on January 2, 1970 and retired from the police department five days later. He alleges that, at the time of his retirement, an unidentified employee of the Board of Pensions and Retirement of the City of Philadelphia (Board) advised him that he should apply for a non-service connected pension under which he would receive his monthly payments promptly, as opposed to a service-connected pension, under which application he would experience a significant delay in the commencement of pension benefits. He followed this advice and began to receive a non-service connected pension at the rate of $560.72 a month rather than at the $725.90 rate he would have enjoyed under the service-connected pension for which he was eligible. More than four-and-one-half years later, on September 14, 1978, he requested a hearing for a service-connected disability pension, and this request was denied on September 18, 1978. Instead of then availing himself of the appeal process available to him during the 30 days following the denial of his request pursuant to Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b),[1] the claimant commenced an action in equity in the Court of Common Pleas of

_____
[1] In addressing the claimant's failure to file a properly designated appeal within 30 days of the Board's denial of a hearing on September 18, 1978, the court below improperly relied on Section 7 of the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11307. The Local Agency Law was repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar act, now found at Section 5571

Philadelphia County on September 28, 1978. In response to preliminary objections, however, his complaint was dismissed and on November 27, 1978, he filed an amended complaint, identical to the original complaint except that it was now designated as an appeal. The Board again filed preliminary objections objecting that the claimant's application for a service-connected disability pension was filed almost five years late and that his appeal, filed 70 days after the Board's denial of his application for a service-connected pension, was not timely filed. These objections were sustained by the court below and this appeal followed.

Application for retirement benefits for a permanent service-connected disability pension is governed by Section 206.1 of the Philadelphia Retirement System Ordinance, as amended by the Ordinance of April 8, 1968, and provides that:

Upon written application, any employee found by the Board to be permanently incapacitated from further performance of duty, which incapacity resulted solely from the performance of the duties of his position and was not caused by the employee's own wrongful conduct shall be retired; provided:

. . . .

(d) that application for such retirement was filed within one year after separation from employment with the city.

The claimant asserts that he did not know and was not advised that he must apply for a service-connected disability pension within one year and, inasmuch as his failure to apply within the one-year period was the

_____

(b) of the Judicial Code, 42 Pa. C. S. §5571(b), became effective June 27, 1978 and was controlling at the time of the Board's September 18, 1978 decision.

result of his having been misled by an employee of the Board, the Board should be estopped from preventing him from obtaining the benefits for which he is otherwise eligible. While the claimant contends that, as a result of the Board employee's advice, he was misled, he does not allege intent to mislead or fraud on the part of the Board employee. Moreover, the memorandum signed by the claimant on January 7, 1974 at the time of his initial application for the non-service connected pension is dispositive of the issue. This memorandum stated that:

> In applying for ordinary disability benefits, I understand that I am doing so without prejudice to my right to apply in writing for service-connected disability benefits prior to January 6, 1975.

Having signed such a statement, the claimant cannot prevail in his assertion here that he did not know and was not advised of the one-year limitation on his right to apply for a service-connected disability pension. He was not misled by the Board and the ultimate decision as to whether or not to apply for the more remunerative pension during the ensuing year was then his. His failure to exercise that option cannot be attributed to the Board.

It should also be noted that the claimant's appeal to the court below, filed 70 days after the Board denied him a hearing, did not occur within the 30-day appeal period mandated by Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b). It, too, was not timely filed.

We must affirm the order of the court below.

ORDER

AND Now, this 20th day of August, 1981, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.